IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ALFREDO E. JUAREZ, #651895 | § | |
| VS. | § | CIVIL ACTION NO. 9:08cv15 |
| LAURA MORGAN, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Alfredo E. Juarez, an inmate confined at the Eastham Unit, proceeding *pro se* and *in forma pauperis,* filed this lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the complaint about mailroom officials losing a letter sent to him from his mother should be dismissed. The Plaintiff has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections of the Plaintiff are without merit. The Plaintiff noted for the first time in his objections that his mother had sent him money orders in the amount of $300 and $50 in the letter. He stated that he is just trying to recover the funds. In addition to the reasons listed by Magistrate Judge Guthrie for dismissing the case, the Court further notes that a state actor's negligent or intentional deprivation of a plaintiff's property does not result in a violation of procedural due process rights if there exists an adequate state post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional conduct); *Parratt*

1

*v. Taylor*, 451 U.S. 527, 535-55 (1981) (negligent conduct); *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). The Texas court system provides an adequate postdeprivation remedy for the taking of any property. *See Holloway v. Walker*, 784 F.2d 1287, 1292 (5th Cir 1986). Because Texas has adequate post-deprivation remedies, a prisoner does not have a basis for a § 1983 claim for the confiscation of his property. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). The Plaintiff has other remedies available to him other than going to federal court in order to obtain the $350. The objections lack merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). All motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED** this the **28** day of **April, 2008.**

_____
Thad Heartfield
United States District Judge